UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL STINE,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>        Defendant. | CASE NO. 1:13-cv-01883-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 5)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Mikeal Stine, a federal prisoner proceeding pro se, filed this civil action on November 12, 2013, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.)

The Court issued an order severing Plaintiff's claims from the initial lawsuit filed on behalf of Plaintiff and other prisoners. (ECF No. 2.) On December 5, 2013, Plaintiff filed his First Amended Complaint. (ECF No. 5.) That amended complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following individuals as Defendants: (1) John Doe #1, United States Penitentiary Atwater (Atwater); (2) John Doe #2, Atwater; and (3) an unspecified number of additional John Does.

Plaintiff alleges the following:

In 2010 Plaintiff, along with fellow inmates Pinson and Eyre, initiated a lawsuit. Eyre was subsequently transferred to Atwater. Sometime in late 2012 Defendants Doe #1 and Doe #2 pulled inmate Eyre into an office and began questioning him on the facts of his lawsuit. (Compl. at 6.) Defendants urged Eyre to remove himself from the case. They told Eyre Plaintiff was a snitch and that Eyre should not associate with him. (Id. at 6 and 7.)

Word spread that Plaintiff was a snitch. Plaintiff has since been assaulted by prison gang members who have vowed to kill him at the first opportunity. According to several inmates, Atwater staff have advised incoming inmates not to talk to Plaintiff as doing so would put them at risk of being labeled snitches. (Id. at 7.)

## IV. ANALYSIS

### A. Bivens Pleading Standard

2

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**B.    Linkage Requirement**

All of the Defendants in this action are identified as John Does. Defendants Doe #1 and Doe #2 are sufficiently distinguished. The third Defendant is identified in the amended complaint as a group of unspecified John Does. There are no facts in the pleading describing participation by these Doe Defendants in any alleged violations. The Court cannot determine the viability of such claims without factual allegations describing their conduct.

Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Liability may be imposed on an individual defendant if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right if he does an affirmative act, participates in another's

3

affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See id. at 633; see also, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the name of the unnamed Defendants and provide that information to the Court in his amended complaint. The burden remains on the Plaintiff and the Court will not undertake to investigate the name and identity of the unnamed Defendants.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. Id. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). However, to prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

Plaintiff is currently confined in United States Penitentiary, Florence ADMAX (Florence). He complains that Defendants Doe #1 and Doe #2 told an inmate at Atwater that Plaintiff was a snitch. This information spread throughout the prisoner population and Plaintiff was subsequently threatened and attacked. He was told he would be targeted regardless of where he was incarcerated.

Allegations that prison officials called a prisoner a "snitch" in the presence of other inmates are sufficient to state a claim of deliberate indifference to an inmate's safety. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989) (labelling as "snitch" for petitioning prison and government officials for redress of grievances may state viable First and Eighth Amendment claims). Plaintiff's allegations, taken as true, are sufficient to state an Eighth Amendment claim against the Defendants. Id. However, as discussed above, Plaintiff's claim must still be dismissed. The Court cannot order service of the Complaint without a named Defendant. Plaintiff must discover the names of either Defendant Doe #1 or Doe #2 before this action can proceed.

The Court will grant Plaintiff leave to amend. To state a claim, Plaintiff must reallege the facts underlying his claim and identify at least one Defendant by name.

### D. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham, 866 F.2d at 1135; Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The allegations that Defendants Doe #1 and Doe #2 tried to coerce Plaintiff's fellow inmate and co-plaintiff in response to the litigation they had filed, labeled Plaintiff a snitch, and then Plaintiff was assaulted apparently because identified as a snitch is sufficient to state a cognizable First Amendment retaliation claim.  See Valandingham, 866 F.2d at 1138–40 (labelling as "snitch" for petitioning prison and government officials for redress of grievances may state viable First and Eighth Amendment claims).  However, as discussed above, Plaintiff cannot proceed against all Doe Defendants.

The Court will provide Plaintiff leave to amend and reallege his cognizable Eighth and First Amendment claims against named Defendants.  Plaintiff is reminded that the action cannot proceed without a cognizable claim alleged against a named Defendant.

### V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

6

Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed December 5, 2013;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order,

this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: December 28, 2013         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE