UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL STINE,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | CASE NO. 1:13-cv-01883-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) DISCHARGE ORDER TO SHOW CAUSE (ECF No. 13);**<br><br>**(2) ALLOW PLAINTIFF TO PROCEED ON COGNIZABLE FIRST AND EIGHTH AMENDMENT CLAIMS AGAINST JOHN DOES 1 AND 2;**<br><br>**(3) DISMISS ALL OTHER CLAIMS AND DEFENDANTS WITH PREJUDICE; AND**<br><br>**(4) REQUIRE PLAINTIFF TO RESPOND WITHIN FORTY-FIVE (45) DAYS WHETHER FURTHER DISCOVERY IS REQUIRED TO IDENTIFY DOE DEFENDANTS**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.  PROCEDURAL HISTORY**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal

Bureau of Narcotics, 403 U.S. 388 (1971).

On December 30, 2013, the Court screened Plaintiff's first amended complaint and concluded that the factual allegations stated cognizable First and Eighth Amendment claims against John Does 1 and 2. (ECF No. 7.) Noting, however, that the case could not proceed against these Defendants until they were identified, the Court dismissed Plaintiff's complaint with leave to amend. Thereafter, Plaintiff submitted a request for subpoenas and alternatively asked to identify Does 1 and 2 as Mr. Estrada and Jesus Valero, respectively. (ECF No. 11.)

The Court subsequently concluded that dismissal of Plaintiff's complaint was in error. Plaintiff should have been given an opportunity to identify Does 1 and 2, and also should have been given an opportunity to amend claims found not to be cognizable or to advise the Court whether he desired to proceed only on his cognizable claims. (ECF No. 12.) The Court afforded Plaintiff an opportunity to so advise the Court. The Court denied Plaintiff's request to identify Does 1 and 2 as Estrada and Valero on the ground that Plaintiff offered no factual allegations to support such substitution. The Court stated it would consider the possibility of limited discovery upon receiving Plaintiff's election. (Id.)

Plaintiff did not timely respond to the Court's order. Accordingly, on November 18, 2014, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to comply with a court order. (ECF No. 13.) Plaintiff responded to the order to show cause, stating his intent to proceed only on his cognizable claims against Does 1 and 2. (ECF No. 14.) Plaintiff also requested that he be sent a copy of the first amended complaint. (Id.)

**II.    DISCUSSION**

Based on Plaintiff's response to the order to show cause, the Court will recommend that the order to show cause be discharged.

Additionally, based on the Court's prior screening order and Plaintiff's election to proceed only on the claims found to be cognizable, the Court will recommend that the action proceed only on Plaintiff's First and Eighth Amendment claims against Defendant

2

Does 1 and 2, and that all other claims and Defendants be dismissed.

It is unclear to the Court whether Plaintiff presently has a good faith basis to support substitution of Estrada and Valero for Does 1 and 2, respectively. Accordingly, the Court will recommend that Plaintiff advise the Court within forty-five (45) days of the order adopting these findings and recommendations whether he is in possession of such facts or whether further discovery is required. If further discovery is required, Plaintiff must advise the Court of the information he wishes to subpoena <u>and his basis for believing such a subpoena will assist in identifying the Doe Defendants</u>.[1]

The Court notes that the Bureau of Prisons has made a special appearance in this action. (ECF No. 15.) Although BOP is not before the Court for this purpose, the Court nonetheless requests BOP's assistance in providing Plaintiff the information he seeks absent a subpoena, to the extent BOP is willing and able to do so.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The order to show cause (ECF No. 13) be DISCHARGED;
2. The Clerk's Office be directed to send Plaintiff a copy of the first amended complaint (ECF No. 5);
3. The action proceed on Plaintiff's first amended complaint for First and Eighth Amendment violations against Defendant Does 1 and 2;
4. All other claims asserted in the first amended complaint and all other Defendants be DISMISSED with prejudice; and
5. Plaintiff be required to advise the Court within forty-five (45) days of the order adopting these findings and recommendations whether he is able to allege true facts to support substitution of Estrada and Valero for Does 1 and 2, respectively, or whether further discovery is required.

---

[1] Plaintiff previously requested to subpoena a staff roster listing the names of the SIA and SIS Lieutenant present at USP-Atwater on July 31, 2012, but did not explain the basis for this request. (ECF No. 11.)

3

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 27, 2015                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE